IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES F. OUTLAW, ) | Civ. No. 10-00630 ACK-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN. M. McHUGH, Secretary, ) | |
| Department of the Army, Agency; ) | |
| DOES 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER TRANSFERRING OUTLAW'S FIRST AMENDED COMPLAINT TO THE UNITED STATES COURT OF FEDERAL CLAIMS AND GRANTING THE ARMY'S EXTENSION REQUEST**

On October 28, 2010, Plaintiff James F. Outlaw filed a Complaint in this Court alleging that the United States Army had breached the Negotiated Settlement Agreement that resolved Outlaw's Equal Employment Opportunity complaints against the Army. Doc. No. 1. On January 12, 2011, the Army moved to dismiss Outlaw's Complaint for lack of subject matter jurisdiction. Doc. No. 5. On April 29, 2011, the Court denied the Army's motion, finding that it would be appropriate under 28 U.S.C. § 1631 to transfer Outlaw's case to the United States Court of Federal Claims if Outlaw were to file an amended complaint "request[ing] (1) monetary damages alone or (2) monetary damages and non-monetary relief that is related to and

dependent upon the money judgment sought." Doc. No. 16. at 15.[1/]
In order to avoid a potential statute of limitations bar, the
Court granted Outlaw leave to file such an amended complaint.
Id. at 16-17.

On May 27, 2011, Outlaw timely filed a First Amended
Complaint. Doc. No. 17. On June 13, 2011, the Army filed a
"Statement Regarding Transfer of Plaintiff's Amended Complaint,
and Request for Extension of Answer Date." Doc. No. 18.
According to its statement, the Army "maintains its position that
the Court of Federal Claims lacks subject matter jurisdiction
over [Outlaw's] allegations as they are articulated in either his
original Complaint or his First Amended Complaint," but "concedes
the proper forum for the argument is now the Court of Federal
Claims." Id. at 2. Although the Army does not object to
transfer, it "asks that the court's transfer order allow
defendant 60 days from the date of transfer to answer or
otherwise respond to the First Amended Complaint." Id. at 3.
The Army notes that pursuant to Rule 15(a)(3), its answer was due

---

[1/] First, the Court presumed, based on Ninth Circuit and
Court of Federal Claims precedent, "that the Court of Federal
Claims would have jurisdiction to enforce a Title VII settlement
agreement like [Outlaw's]." Doc. No. 16 at 11-14. Second, the
Court found that although it would be improper to transfer the
Complaint, which requests equitable relief that the Court of
Federal Claims does not have jurisdiction to grant, it would be
appropriate to transfer an amended complaint that "seek[s] relief
that the Court of Federal Claims would have the power to grant."
Id. at 14-16.

on June 11, 2011, but contends that "the answer or other responsive pleading (such as a motion to dismiss) should be handled by the government attorneys who will be assigned this matter in the Court of Federal Claims."  Id.

The Court finds that Outlaw's First Amended Complaint meets the requirements set forth in the Court's April 29, 2011 Order.  In particular, (1) the first cause of action seeks monetary relief, (2) the second cause of action seeks declaratory and injunctive relief that is "[i]ncidental and collateral to monetary relief," and (3) the prayer for relief seeks, inter alia, "general, compensatory and incidental damages against [the Army] in an amount in excess of $10,000"; "attorney fees, expense and costs of this action"; and "declaratory and injunctive relief incidental and collateral to monetary damages."  First Am. Compl. at 5-6.  Cf. James v. Caldera, 159 F.3d 573, 580-81 (Fed. Cir. 1998) (en banc) ("[T]he Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (citation omitted)).

Moreover, to the extent that it is appropriate for this Court to rule on the Army's extension request, the Court finds there is good cause to extend the deadline for the Army's responsive pleading to sixty (60) days from the date of this Order's filing.  Cf. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good

cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 12(a)(2) ("[A] United States agency . . . must serve an answer to a complaint . . . within 60 days after service on the United States attorney.").

## **CONCLUSION**

For the foregoing reasons, Outlaw's First Amended Complaint is TRANSFERRED to the United States Court of Federal Claims.  Further, the Court GRANTS the Army's extension request, allowing the Army sixty (60) days from the date of this Order's filing to file a responsive pleading.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, June 16, 2011.



_____
Alan C. Kay
Sr. United States District Judge

Outlaw v. McHugh, et al., Civ. No. 10-00630 ACK-RLP, Order Transferring Outlaw's First Amended Complaint to the United States Court of Federal Claims and Granting the Army's Extension Request.